Filed 5/10/22  P. v. Delacruz CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GONZALDO DELACRUZ,<br><br>    Defendant and Appellant. | F083574<br><br>(Merced Super. Ct.<br>No. 21CR-01662)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Merced County.  David W. Moranda, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Kari Ricci Mueller, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## FACTS

In a complaint filed April 30, 2021, the Merced County District Attorney charged defendant with one count of making criminal threats. (Pen. Code, § 422.)[1]

On July 2, 2021, the court found defendant incompetent to stand trial.[2] In an order filed August 6, 2021, the court directed the sheriff to deliver defendant into the custody of Napa State Hospital or another Department of State Hospitals facility. The order further provided that "upon it being determined that he has recovered his mental competence, he shall be redelivered to the Sheriff of Merced County, without delay, and without further order, and brought before this court for further proceedings against [defendant]."

At a hearing was held on November 5, 2021, to determine whether defendant had been delivered to a state hospital. It was discovered that defendant had not yet been transferred to a state hospital and the matter was continued to December 15, 2021. Defendant filed a notice of appeal on November 15, 2021.

## DISCUSSION

Section 1370, subdivision (c)(1) provides, in part:

> "At the end of two years from the date of commitment or a period of commitment equal to the maximum term of imprisonment provided by law for the most serious offense charged in the information, indictment, or misdemeanor complaint, or the maximum term of imprisonment provided by law for a violation of probation or mandatory supervision, whichever is shorter, but no later than 90 days prior to the expiration of the defendant's term of commitment, a defendant who has not recovered mental competence shall be returned to the committing court." (§ 1370, subd. (c)(1).)

In his opening brief on appeal filed on February 3, 2022, defendant argued he was in "imminent risk" of spending more time in custody than allowed by this provision.

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

[2] Both parties request the court take judicial notice of the files in another appeal involving defendant, case No. F083165. We grant this joint request.

2.

However, days later, on February 16, 2022, the superior court found defendant mentally competent to stand trial and criminal proceedings resumed.[3]  Both parties agree that this development moots the present appeal.  Accordingly, we dismiss the appeal as moot. (See *In re E.T.* (2013) 217 Cal.App.4th 426, 436 [subsequent orders of lower court can moot appeal].)

## DISPOSITION

The appeal is dismissed.

POOCHIGIAN, ACTING P. J.

WE CONCUR:

DETJEN, J.

SNAUFFER, J.

---

[3] The Attorney General requested that we take judicial notice of the minute order reflecting this finding.  Defendant expressly declined to oppose this request for judicial notice.  We grant the request.

Separately, defendant requests we take judicial notice of an "inmate search" result on a Merced County government website.  Because the present appeal is moot and the document for which notice is sought would not alter the analysis of mootness, we deny defendant's request for judicial notice.